## H. N. Frederick & Sons, Plaintiff in Error, v. The Commercial German National Bank, Defendant in Error.

### Gen. No. 5153.

1. CORPORATIONS—*when informal transfer sufficient to pass corporate property.* It is true that the law is that the title to the corporate property is in the corporation and that the stockholders own, not the corporate property itself, but the shares of stock; it is also true that to make a transaction perfect in form, conveying corporate property, the instrument of transfer should be executed by the officers of the corporation as such, pursuant to the vote of the board of directors; nevertheless when all the stockholders, owning the entire interest in the property in fact, have agreed to a certain course of action, and have delivered the property of the corporation pursuant thereto, a suit cannot be maintained by the corporation to recover back the property or its proceeds merely because a vote of the directors was not had and the officers did not sign the papers in their official capacity.

2. TROVER—*when action does not lie.* Trover does not lie if a bank in accepting the property of a corporation for trust purposes acts beyond the scope of its powers.

Trover. Error to the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909. Rehearing denied April 6, 1910.

W. T. WHITING, for plaintiff in error; D. R. SHEEN, of counsel.

PINKNEY & McROBERTS, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

In this action H. N. Frederick & Sons, a corporation, declared against the Commercial German National Bank in trover for a stock of goods used in the manufacture and sale, by wholesale and retail, in the harness and saddlery business, and for outstanding accounts and bills receivable, which it is alleged that it

owned and casually lost and which the bank found
and wrongfully converted to its own use and collected
the accounts and bills receivable and sold the goods
and chattels. A very lengthy itemized bill of partic-
ulars accompanied the declaration, setting out the
value of each article so misappropriated and making
a total of over $50,000. The bank pleaded not guilty.
Upon a jury trial the court sustained objections to
much of the testimony offered, and at the close of
proofs for the plaintiff, instructed the jury to find
a verdict for the defendant. Such a verdict was ren-
dered, a motion for a new trial was denied, defendant
had judgment for costs, and plaintiff prosecutes this
writ of error.

The stock of appellant was divided into 500 shares.
It was in embarrassed circumstances. Its board of
directors had been three in number, one of them had
died, and W. D. Frederick and a Mr. Krenz were the
remaining directors. Krenz was not a stockholder.
W. D. Frederick was the secretary, treasurer, general
manager and general executive officer of the corpora-
tion. On or about December 9, 1905, a meeting was
held at which it is admitted in the record that all the
stock was represented. Those present were W. D.
Frederick, owning 188 shares; H. A. Frederick, own-
ing 30 shares; Fannie J. Franks, owning 40 shares;
Dan Raum, attorney for the administrator of the es-
tate of H. N. Frederick, deceased, owning 55 shares;
and Emma T. Frederick, who signed the agreement
hereinafter mentioned as the owner of 187 shares,
making the entire stock of the corporation. The
shares which Emma T. Frederick represented had
belonged to her deceased husband, J. E. Frederick.
He had died intestate. At the date named there had
been no administration on his estate, and at the trial
of this case nearly three years later, there had still
been no administration. If J. E. Frederick left no
descendants, his widow, Emma T. Frederick was the
owner of all his personal estate, under the statute of

descent, and if he left descendants, she was the owner of one-third of his estate. She therefore owned either all or one-third of said 187 shares of stock. As she professed to represent them entirely and nothing is shown to the contrary, we consider that the proof substantially shows that the entire corporate stock was represented at that meeting, and the secretary, treasurer, general manager and general executive officer was present. Krenz, the vice-president who owned no stock, seems to have been absent. The meeting was held as the sequel to various negotiations previously pending. W. D. Frederick had present Winslow Evans as attorney for the corporation. Other stockholders had their attorneys present and the Commercial German National Bank was represented by an attorney. At that meeting the following instrument was executed by all of the stockholders, each signature specifying the number of shares represented thereby:

"Whereas H. N. Frederick & Sons, a corporation, organized under the general incorporation laws of the State of Illinois, having its principal office and place of business in the city of Peoria, in the state aforesaid, is now indebted to divers and sundry persons on its certain just outstanding obligations and in the aggregate sum approximating $26,000.00 and, Whereas, said corporation is unable to meet said indebtedness, now matured or hereafter to become due, and is anxious and desirous to take some means whereby its assets can be so administered as to pay off all its just debts and realize therefrom the largest possible sum to its stockholders; therefore, to that end the stockholders of said corporation in meeting assembled do hereby vote to authorize and do hereby authorize and instruct the proper officers of this company to convey by due form of law, all its assets, consisting of its stock of goods, patterns, cases, shelving, stencil implements and tools, now owned by it and located at its place of business, 324 South Adams St. in the City of Peoria, Illinois, together with all its outstanding notes, accounts, and other evidence of indebtedness belonging or owing to said corporation, not, however,

including its certificates of stock or charter rights, to the Commercial German National Bank, as trustee, to take, hold, administer, sell and dispose of the same in such manner as in its judgment it may deem best calculated to secure the best results therefrom, and out of said proceeds so received said trustee be and is hereby authorized to first pay all its just debts *pro rata* now outstanding, together with the necessary costs and charges incurred by it in the execution of this trust, and the surplus if any then remaining, to be paid over to such person or persons as the stockholders, as their interests may appear. It is also one of the conditions of this agreement that said trustee is to pay out of the assets of said corporation so far as it may be able all just and lawful debts now owing by it, and to compromise and settle such debts on such terms as it may determine. It is further one of the conditions that upon the acceptance of this trust by the trustee herein all salaries heretofore paid by said corporation to any of its officers shall cease. This is not to prejudice rights of stockholders between themselves in suits pending.''

Shortly after the execution of this paper, W. D. Frederick, the general executive officer and largest stockholder, and H. A. Frederick, another stockholder, went to the place of business of plaintiff in error. A representative of the bank soon after appeared there, and the executive officer of plaintiff in error turned over the possession of the property to the representative of the bank and turned over the keys, and the latter changed the locks on the doors and took possession. He hired W. D. and H. A. Frederick to work there and they remained in that employment till the following March. The goods were sold, the accounts and bills receivable were collected, and it is a fair inference from the proofs and from the remarks of counsel of plaintiff in error that the same were applied in professed compliance with the trust created by that agreement. On January 2, 1908, more than two years later, plaintiff in error brought this suit and it seeks to recover the entire value of the

goods, accounts and bills receivable from the bank in
this action. It contends, and truly, that the corporate
powers are vested in the board of directors and can-
not be exercised by the stockholders. Upon that basis
it argues that this property was never lawfully sold
and transferred to the Bank, and that the taking
thereof by the Bank and selling the same and convert-
ing the same into money was an unlawful conversion.
It also argues that the Bank could not lawfully act as
trustee under the agreement. At the trial plaintiff
in error sought to show that at said meeting the repre-
sentative of the Bank made certain promises as to the
manner in which the business would be conducted and
by those promises secured the signatures of some or
all of the stockholders, and that the Bank afterwards
violated those promises, and also that the bank did not
dispose of the property in the most advantageous and
profitable manner.

The proof showed that defendant in error received
the possession of this property from the general ex-
ecutive officer of plaintiff in error and in pursuance to
the paper signed by all the stockholders. It is true
that the law is that the title to the corporate prop-
erty is in the corporation and that the stockholders
own, not the corporate property itself, but the shares
of stock. It is also true that to have made this trans-
action perfect in form the paper should have been
executed by the officers of the corporation as such,
pursuant to a vote of the board of directors. Never-
theless we cannot assent to the proposition that when
all the stockholders, owning the entire interest in the
property in fact, have agreed to a certain course of
action, and have delivered the property of the cor-
poration pursuant thereto, that a suit can be main-
tained by the corporation to recover back the property
or its proceeds, merely because a vote of the directors
was not had and the officers did not sign the papers in
their official capacity. The bank cannot be held to have
unlawfully received this property. It received it law-

fully from its real owners and from the executive officer of the corporation, and it converted the property into money in the manner that the stockholders unanimously directed that it should be. We are of opinion that this action cannot be maintained by the corporation. If the Bank violated its trust or failed to use proper care and diligence in the disposition of the property or has paid out money contrary to the directions given by the stockholders, or has been guilty of any breach of duty, an action of trover does not furnish the remedy. If the bank acted beyond the scope of its lawful powers in accepting the trust, that fact would not subject it to an action of trover. We find no reversible error in the rulings of the court upon the evidence. The judgment is therefore affirmed.

*Affirmed.*